UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**In Re:**
**THE 283 BAYOU CIRCLE TRUST**
**DATED OCTOBER 6, 2011,**

**Debtor.**
_______________________________________/

**SAM ZALLOUM,**

**Appellant,**

**Case No: 6:15-cv-2068-ORL-41**
**v.** **Bankr. Case No: 6:13-bk-4561-KSJ**

**U.S. BANK TRUST N.A., AS TRUSTEE**
**FOR LSF9 MASTER PARTICIPATION**
**TRUST,**

**Appellee.**
_______________________________________/

## ORDER

THIS CAUSE is before the Court on appeal from the bankruptcy court's Order Granting Relief from Automatic Stay (Doc. 3-2). For the reasons set forth below, this Court will affirm the decision of the bankruptcy court.

### I. BACKGROUND

On April 15, 2013, the Debtor, a trust, initiated this case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.[1] (Bankr. Dkt., Doc. 3-1, at 1–2).[2] The Debtor's

---

[1] References to the "Bankruptcy Code" refer to Title 11 of the U.S. Code.

[2] Where, as here, an attachment contains multiple documents, pinpoint citations will refer to the electronic page number. Additionally, Docket Entry 3-1 depicts the bankruptcy docket as of January 5, 2016.

initial schedules (Doc. 40-3) list a single asset—real property located at 283 Bayou Circle, Debary, Florida 32713 (the "Property"), in which the Debtor holds a $70,000.00 interest. On September 29, 2014, the bankruptcy trustee reported that there would be no distribution. (Bankr. Dkt. at 17–18). Subsequently, Appellee, U.S. Bank Trust N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank"), moved for relief from the automatic stay (Doc. 4-1) as the purported holder of a note, secured by a mortgage encumbering the Property. While the bankruptcy trustee did not oppose the request, *pro se* Appellant, Sam Zalloum, responded in opposition (Doc. 4-2). Particularly, Mr. Zalloum seemed to challenge U.S. Bank's allegation that the Debtor did not have equity in the Property, as well as U.S. Bank's standing to seek relief from the stay. (*Id.* at 5–8).

Ultimately, the bankruptcy court granted U.S. Bank's motion. (*See* Order Granting Relief from Stay at 1–2). In doing so, the bankruptcy judge noted that the relevant issues concerning U.S. Bank's interest in the Property are "appropriate for the state court, not [the bankruptcy] court, to resolve." (Nov. 16, 2015 Hr'g Tr., Doc. 40-4, at 3:23–24, 4:4–5 ("[T]he correct forum is going to be in state court, not in the bankruptcy court.")). On appeal, Mr. Zalloum presents a number of miscellaneous arguments as to why the bankruptcy court erred in granting U.S. Bank's motion.

## II. JURISDICTION AND STANDARD OF REVIEW

"The district courts of the United States . . . have jurisdiction to hear appeals from final judgments, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a). In its appellate capacity, the district court reviews the bankruptcy court's findings of fact for clear error, while questions of law are reviewed *de novo*. *Rush v. JLJ Inc.* (*In re JLJ Inc.*), 988 F.2d 1112, 1116 (11th Cir. 1993).

Questions concerning standing are reviewed *de novo*. *DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1301 (11th Cir. 2008) (per curiam). "[A] decision to lift the stay is discretionary

with the bankruptcy judge, and may be reversed only upon a showing of abuse of discretion." *Disciplinary Bd. of Supreme Ct. of Pa. v. Feingold* (*In re Feingold*), 730 F.3d 1268, 1272 n.2 (11th Cir. 2013) (per curiam) (quotation omitted); *cf. In re Kerns*, 111 B.R. 777, 781 n.2 (S.D. Ind. 1990) (questioning whether the abuse-of-discretion standard comports with the relevant statutory language). A decision to hold an evidentiary hearing is reviewed for an abuse of discretion. *See Fla. Wildlife Fed'n Inc. v. Adm'r, EPA*, 620 F. App'x 705, 708 (11th Cir. 2015) (per curiam); *cf. Moon v. Med. Tech. Assocs., Inc.*, 577 F. App'x 934, 936 (11th Cir. 2014) (per curiam) (noting that an evidentiary hearing is required to resolve credibility issues).

## III. DISCUSSION

As an initial matter, it is not entirely clear who Mr. Zalloum is or why he is involved in this bankruptcy case or appeal. Indeed, to oppose a motion for relief from the automatic stay, one must have constitutional standing, as well as a sufficient pecuniary interest in the outcome of the proceeding. *See In re Mohr*, 538 B.R. 882, 884, 888 (Bankr. S.D. Ga. 2015). And, to having standing to appeal an order of the bankruptcy court, one must be "aggrieved," which requires that they be "directly and adversely affected pecuniarily by the order." *Vick v. Vick* (*In re Vick*), 233 F. App'x 897, 899 (11th Cir. 2007) (per curiam) (quoting *Westwood Cmty. Two Ass'n, Inc. v. Barbee* (*In re Westwood Cmty. Two Ass'n, Inc.*), 293 F.3d 1332, 1335 (11th Cir. 2002)).

Here, in responding to the motion for relief from the automatic stay, Mr. Zalloum broadly purports to be "a party in interest," (Resp. to Mot. for Relief at 1; *see also* Nov. 16, 2015 Hr'g Tr. at 3:13–15), but offers no explanation as to the basis or extent of his interest. Elsewhere, it appears that Mr. Zalloum is or was the trustee of the Debtor-trust, (Debtor's Schedules, Doc. 40-3, at 16, 27; Resp. to Mot. for Relief at 1), which is separately represented by counsel, (*see* Bankr. Dkt. at 1). He also purports to be an unsecured creditor, (*see* Nov. 16, 2015 Hr'g Tr. at 2:17–18; Bankr.

Dkt. at 4–5 (referring to "Creditor Sam Zalloum")), as well as a codebtor of the Property, (Debtor's Schedules at 15). In any event, the bankruptcy judge did not address the issue, (*see* Nov. 16, 2015 Hr'g Tr. at 3:16–22), and the record on appeal is far from sufficient for its resolution, *see United States v. Guanipa*, 322 F. App'x 831, 832 (11th Cir. 2009) (per curiam) (noting that remand is generally "necessary when the record on appeal is insufficient to enable meaningful review"); *see also Sipple v. Atwood* (*In re Atwood*), 124 B.R. 402, 406, 407 (S.D. Ga. 1991). Nevertheless, each of Mr. Zalloum's arguments on appeal fail, and therefore the bankruptcy order will be affirmed. *See Cook v. Trinity Universal Ins. Co. of Kan.*, 297 F. App'x 911, 913 (11th Cir. 2008) (per curiam) (noting that the lower court may be affirmed "on any basis supported by the record"); *see also Prado ex rel. Prado-Steiman v. Bush*, 221 F.3d 1266, 1277–78 (11th Cir. 2000) (avoiding a standing issue where "the factual record [was] not fully developed").

First, Mr. Zalloum seems to argue that the bankruptcy court erred by finding that he lacked standing to object to U.S. Bank's request for relief from the automatic stay. (*See* Appellant Br. at 7, 9, 10). He also seems to argue that the bankruptcy court erred by not otherwise permitting him the opportunity to object to U.S. Bank's motion, all the while entertaining his objections in similar contexts. (*See id.* at 11). However, as just noted, the bankruptcy court did not rule on Mr. Zalloum's standing, (Nov. 16, 2015 Hr'g Tr. at 3:16–22), and the bankruptcy court did, in fact, entertain Mr. Zalloum's objections; quite simply, they were found to be misplaced. Thus, both arguments are without merit.

Second, Mr. Zalloum seems to argue that U.S. Bank lacked standing to pursue relief from the automatic stay. (Appellant Br. at 9, 10, 11–15). Bankruptcy proceedings implicate both constitutional and statutory standing. *See Smith v. Atl. S. Bank* (*In re Smith*), 522 F. App'x 760, 764–65 (11th Cir. 2013) (per curiam). The former derives from Article III's case-and-controversy

requirement. *Id.* at 764 (citing *E.F. Hutton & Co. v. Hadley,* 901 F.2d 979, 984 (11th Cir. 1990)). Among other things, it requires an injury-in-fact or "a 'personal stake' in the outcome of a case," *Id.* (quoting *E.F. Hutton & Co.,* 901 F.2d at 984). The latter requires that a movant "be a 'party in interest,'" *id.* (quoting *Walden v. Walker* (*In re Walker*), 515 F.3d 1204, 1212 (11th Cir. 2008)), which, in the context of Chapter 7, includes creditors, *id.* at 764–65. Under the Bankruptcy Code, a creditor is defined as "an 'entity that has a claim against the debtor,'" *id.* at 765 (quoting 11 U.S.C. § 101(10)(A)), and a claim is "a 'right to payment,'" *id.* (quoting 11 U.S.C. § 101(5)(A)).

Here, in its motion for relief from the automatic stay, U.S. Bank alleges that it was the holder of a note, secured by a mortgage encumbering the Property, which was the Debtor's sole asset. (Mot. for Relief from Stay at 2). It also alleged that the note and mortgage have been in default since July 1, 2011, and that the principal amount owed was, at the time of the motion, $319,282.69. (*Id.* at 2–3). Thus, U.S. Bank sufficiently alleged that it was a creditor and that, therefore, it had standing to seek relief from the stay. Insofar as Mr. Zalloum argues that U.S. Bank was required to prove standing via evidence, such a requirement is fictional. *See In re Smith*, 522 F. App'x at 765 (looking solely to the allegations of the relief-from-stay motion to determine whether movant had constitutional and statutory standing); *see also Baumann v. PNC Bank, N.A.* (*In re Baumann*), 6:15-cv-27-Orl-37, 2015 WL 5008667, at *2 (M.D. Fla. Aug. 21, 2015) (rejecting the appellant's argument that the appellees were required to "prove" creditor status to have standing).

Third, Mr. Zalloum seems to argue that U.S. Bank fell short of satisfying the requisite threshold for seeking relief from the automatic stay and that the bankruptcy court erred in finding otherwise. "A hearing on a motion for relief from stay is meant to be a summary proceeding, and the validity or merits of claims and defenses are not litigated during the hearing." *Strickland v.*

*Wells Fargo Bank*, No. 5:14-cv-186-CAR, 2014 WL 7003772, at *2 (M.D. Ga. Dec. 10, 2014) (quotation omitted). "Rather, the purpose of the hearing is simply to determine whether a creditor has a colorable claim to property of the estate." *Id.* (quotation omitted). "As a matter of law, the only issue properly and necessarily before a bankruptcy court during relief from stay proceedings is whether the movant creditor has a colorable claim"; "the decision to lift the stay is not an adjudication of the validity or avoidability of the claim, but only a determination that the creditor's claim is sufficiently plausible to allow its prosecution elsewhere." *Id.* (quoting *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 32 (1st Cir. 1994)). Stated differently, relief-from-stay proceedings are "analogous to a preliminary injunction hearing, requiring a speedy and necessarily cursory determination of the reasonable likelihood that a creditor has a legitimate claim or lien as to a debtor's property." *Grella*, 42 F.3d at 33; *see also In re Vitreous Steel Prods. Co.*, 911 F.2d 1223, 1232 (7th Cir. 1990).

Insofar as Mr. Zalloum argues that U.S. Bank did not present a colorable claim to the Property because U.S. Bank was not the holder of the note—an issue that Mr. Zalloum also refers to as "standing"—or, at least, did not demonstrate as much, that argument is without merit. Particularly, the note and mortgage, listing the Property, were attached to U.S. Bank's motion. While neither relevant party is listed therein and while the indorsements are of limited readability, U.S. Bank has submitted affidavit evidence in which a representative of its servicer attests that U.S. Bank is the holder of the note and that the note is secured by the mortgage encumbering the Property. (*See* Mot. for Relief from Stay at 42). Such a showing presents a colorable claim. *See In re Clark*, 6:10-bk-9430-ABB, 2010 WL 4669091, at *2 (Bankr. M.D. Fla. Nov. 10, 2010) (noting that, although the "chain of title" was unclear, the "pleadings and exhibits" established possession of the note and mortgage for purposes of lifting the stay). Other than stating, in conclusory fashion,

that U.S. Bank's exhibits contradict its allegations, or vice versa, (Appellant Br. at 7, 9), Mr. Zalloum fails to actually address in which way they were inconsistent.

Insofar as Mr. Zalloum argues that U.S. Bank failed to show that the Debtor had no equity in the Property, that argument is without merit. Under § 362(d)(2) of the Bankruptcy Code, one may pursue relief from the automatic stay by showing that "the debtor does not have an equity in [the relevant] property" and that "such property is not necessary to an effective reorganization." Where, as here, the debtor seeks liquidation under Chapter 7, "[t]he only question faced by the bankruptcy court . . . [is] whether the debtor had equity in the property." *In re Vitreous Steel Prods.*, 911 F.2d at 1232. Other than unsupported allegations that the Debtor, or Mr. Zalloum himself, had equity in the Property, Mr. Zalloum fails to consider that the record evidence clearly indicates otherwise. Particularly, the Debtor's sworn Schedules identify the Property's value as $140,000.00 and the Debtor's interest therein as $70,000.00. (Debtor's Schedules at 1, 3). U.S. Bank's affidavit evidence indicates that $319,282.69 is owed under the note. (Mot. for Relief from Stay at 43). The latter fact is undisputed by Mr. Zalloum. In sum, based on Mr. Zalloum's arguments, it cannot be said that the bankruptcy court abused its discretion in lifting the automatic stay.

Fourth, Mr. Zalloum seems to argue that he was entitled to an evidentiary hearing to resolve purported "issues of material fact in dispute." (Appellant Br. at 9, 10, 15). At the outset, Mr. Zalloum offers no authority for why purported "issues of material fact" preclude a colorable claim. *See In re Vitreous Steel Prods.*, 911 F.2d at 1234 ("Questions of the validity of liens are not generally at issue in a § 362 hearing."); *see also Richards v. Wells Fargo Bank* (*In re Richards*), No. 1:09-bk-69716-WLH, 2012 WL 2357672, at *2 (Bankr. N.D. Ga. June 8, 2012) (noting that a relief-from-stay proceeding "is meant to be a summary proceeding" (quotation omitted)). Nor does

Mr. Zalloum offer any authority for that standard; the inevitable conclusion is that he copied it from Federal Rule of Civil Procedure 56, which has no bearing on the present proceedings. *See Grella*, 42 F.3d at 33 (noting that relief-from-stay motions need not be resolved via adversary proceeding; they are merely "contested matters"). Nor, apart from challenging the conclusions to be drawn from U.S. Bank's evidence, does Mr. Zalloum point to any evidence that would contradict that of U.S. Bank. Lastly, "a bankruptcy court is not required to hold any hearing—much less a full evidentiary hearing—on a motion for relief from an automatic stay." *Global Cable, Inc. v. Adelphia Commc'ns Corp.* (*In re Adelphia Commc'ns Corp.*), No. 1:02-cv-9770-RCC, 2006 WL 1559437, at *5 (S.D.N.Y. June 7, 2006). Ultimately, based on Mr. Zalloum's arguments, the Court cannot say that the bankruptcy court abused its discretion in refusing to hold an evidentiary hearing.

Fifth, Mr. Zalloum seems to argue that he was denied due process because he was not adequately served with the Motion for Relief from the Automatic Stay. (Appellant Br. at 15–21). To begin, that argument is belied by the fact that, in his Brief, Mr. Zalloum explicitly purports to have been served. (*See id.* at 5 ("[U.S. Bank] served its motion on Appellant.")). Also, the argument was not raised in the bankruptcy court and, therefore, is not properly before this Court. *See Menotte v. Brown* (*In re Brown*), 303 F.3d 1261, 1265 n.4 (11th Cir. 2002); *see also Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Even if it had been, Mr. Zalloum fails to resolve the mystery as to why he was entitled to such service. *Compare* Fed. R. Bankr. P. 4001(a)(1) (noting that relief-from-stay proceedings should comport with Rule 9014), *with* Fed. R. Bankr. P. 9014(a) (noting that notice need only be afforded to "*the party against whom relief is sought*" (emphasis added)). Nor does he explain how without such service, he did,

in fact, respond to the motion and appear at the hearing. Thus, Mr. Zalloum's argument is without merit.

In sum, each of Mr. Zalloum's arguments fail. Accordingly, it is **ORDERED** and **ADJUDGED** that the bankruptcy court's Order Granting Relief from Automatic Stay (Doc. 3-2) is **AFFIRMED**. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on September 6, 2016.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
Clerk of the Court for the U.S. Bankruptcy Court for the Middle District of Florida